UNITED STATE OF LOUISIANA
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BRAXTON HARRINGTON | * | CIVIL ACTION NO. _____ |
| VERSUS | * | JUDGE _____ |
| MIKE HOOKS, LLC, AND QUALITY TUG SERVICES, LLC | * | MAGISTRATE JUDGE _____ |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes complainant, BRAXTON HARRINGTON, a person of the full age of majority and a resident of Kaplan, Vermilion Parish, Louisiana, who for his Complaint respectfully represents as follows:

I.

This cause of action arises pursuant to the Admiralty and General Maritime Law found in 28 U.S.C.A. § 1333, et seq, and Jones Act 46 U.S.C.A. § 30104, et seq.

II.

Made defendants herein are:

MIKE HOOKS, LLC (hereinafter referred to as "MIKE HOOKS"), a Louisiana Limited Liability Company, authorized to do and doing business within the State of Louisiana and within the Western District of Louisiana, and whose principal domicile address is listed as 409 Mike Hooks Road, Westlake, LA, 70669, and who may be served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA, 70816; and

QUALITY TUG SERVICES, LLC (hereinafter referred to as "QUALITY"), a Louisiana Limited Liability Company, authorized to do and doing business within the State of Louisiana and within the Western District of Louisiana, and whose principal domicile address is listed as 217 Old Farm Road, Broussard, LA, 70518, and who may be served through its registered agent for service of process, Marcus A. LeBlanc, 108 Countryside Drive, Youngsville, LA, 70592.

III.

Defendants, MIKE HOOKS and QUALITY, are liable to complainant in the full and true sum in an amount as is reasonable under the premises, plus all legal interest, and the costs of these proceedings from the date of judicial demand for the following reasons.

IV.

On or about May 22, 2021, complainant, BRAXTON HARRINGTON, was a deckhand employed by defendant, QUALITY, and was assigned to work aboard the vessel, *M/V GOD'S GUIDANCE,* which vessel was owned and operated by QUALITY.

V.

Upon information and belief, the *M/V GOD'S GUIDANCE* was working in association with dredge barges owned and operated by defendant, MIKE HOOKS, in Matagorda Bay, TX, as part of an ongoing mission on the navigable waters of the United States.

VI.

It is undisputed that the *M/V GOD'S GUIDANCE* is a traditional maritime vessel, as it was performing operations on the navigable water bodies of the United States and was performing a transportation function over water.

VII.

Upon information and belief, on the date of accident, the *M/V GOD'S GUIDANCE* was working in severe or extreme weather conditions where seas in the inland bays were more than six (6') feet and driven by winds of 60 plus mph.

VIII.

Upon information and belief, the *M/V GOD'S GUIDANCE* was engaged in maneuvering the Mike Hooks dredge barge across Matagorda Bay during these extreme weather conditions.

XIX.

Upon information and belief, as the *M/V GOD'S GUIDANCE* was in the process of moving or relocating the Mike Hooks dredge barge as part of its ongoing mission in Matagorda Bay, your complainant, BRAXTON HARRINGTON, was ordered to assist with deck duties, including manning the lines connecting the *M/V GOD'S GUIDANCE* to the Mike Hooks dredge barge.

X.

Upon information and belief, your complainant, BRAXTON HARRINGTON, while working in the extreme/severe weather conditions, was attempting to balance and/or maintain footing outside in order to perform his duties aboard the *M/V GOD'S GUIDANCE*.

XI.

Upon information and belief, during the transit of the Mike Hooks dredge barge, the dredge barge operators suddenly and without warning dropped a spud causing the Mike Hooks dredge barge to come to an abrupt stop and resulting in a violent collision between the *M/V GOD'S GUIDANCE* and the Mike Hooks dredge barge.

XII.

Upon information and belief, due to the extreme weather conditions and the actions of the dredge barge in dropping its spud, BRAXTON HARRINGTON was thrown off balance, causing him to stumble and fall into the front staircase and handrails aboard the *M/V GOD'S GUIDANCE*. It is specifically alleged that the extreme weather conditions and the force of impact directly caused Mr. Harrington to be knocked off balance and injure his spine.

XIII.

Due to the force of the collision, as well as extreme weather conditions, your complainant, BRAXTON HARRINGTON, believed he would fall overboard and has incurred great mental anguish and emotional trauma as a result of the near miss.

XIV.

Upon information and belief, the accident in question occurred as a result of the combined and/or individual negligence of the crew aboard the *M/V GOD'S GUIDANCE* and/or the Mike Hooks dredge barge in ordering your complainant to work in severe or extreme weather conditions and causing an abrupt stop.

XV.

Complainant, BRAXTON HARRINGTON, asserts that he injured his lower back and body as a whole, as well as suffering emotional and psychological trauma due to the combined or individual negligence of Mike Hooks and Quality and/or its employees, agents, operators, and consultants, and those for whom they may be deemed liable.

XVI.

Complainant, BRAXTON HARRINGTON, has suffered serious, permanent, and disabling injuries as a result of the negligence and fault of the defendants and its employees, which accident and injuries occurred through no fault of complainant.

XVII.

Complainant, BRAXTON HARRINGTON, specifically alleges he was injured through the negligence or fault on the part of defendant, QUALITY, their principals, agents, crew, servants, employees, and/or those for who they are deemed responsible for at the time of accident in the following non-exclusive manners:

1) Failing to provide complainant with a reasonably safe place to work;

2) Negligently attempting a navigation in extreme weather conditions;

3) Negligently ordering complainant to work the deck in severe or extreme weather conditions, which was a direct and proximate cause of the accident in question;

4) Failing to exercise reasonable care for the safety of complainant during ongoing operations;

5) Failing to properly navigate and/or operate the *M/V GOD'S GUIDANCE* to avoid injury to its crew;

6) Failure to exercise reasonable care for the safety of complainant during ongoing operations;

7) Failing to do what they should have done or see what they shoulder have seen under the circumstances in order to avoid the accident; and

8) Any and all other acts of negligence and/or fault, which may be proven at the trial of this matter.

XVIII.

Complainant, BRAXTON HARRINGTON, alleges he was injured through the negligence and/or fault on the part of defendant, MIKE HOOKS, their principals, agents, employees, crew, servants, and those for whom they are deemed responsible at the time of the accident in the following non-exclusive manners:

1) Negligently failing to stop/cease dredging operations and transit operations during dangerous and severe weather conditions or rough seas;

2) Failing to provide a sufficiently trained captain and crew;

3) Negligently dropping the spud during ongoing transit operations causing a violent collision;

4) Negligently operating the Mike Hooks dredge barge in an unsafe manner;

5) Breach of the duty of reasonable care;

6) Failure to exercise reasonable care for the safety of complainant and the crew aboard the *M/V GOD'S GUIDANCE;*

7) Failing to do what they should have done or see what they should have seen under the circumstances to avoid the accident and injuries suffered by complainant; and

8) Any and all other acts of negligence and/or fault to be proven at the trial of this matter.

XIX.

Defendant, QUALITY, as owner and operator of the *M/V GOD'S GUIDANCE,* is liable unto complainant insofar as it failed to provide complainant with a safe place to work pursuant to the Admiralty and General Maritime Law and/or breached the Doctrine of Seaworthiness by failing to provide a sufficient vessel, appurtenance, and crew to perform operations ongoing at the time of injury.

XX.

Defendant, MIKE HOOKS, as owner and operator of the Mike Hooks dredge bar, is liable unto complainant insofar as it failed to provide a sufficient crew to safely operate the spuds and appurtenances of the Mike Hooks dredge barge pursuant to the Admiralty and General Maritime Law.

XXI.

As a result of the accident at issue, complainant, BRAXTON HARRINGTON, sustained serious, permanent, and crippling injuries that caused him to incur the following damages:

1) Past medical expenses;

2) Future medical expenses;

3) Past lost wages;

4) Future loss of earnings capacity;

5) Past and future physical pain and suffering;

6) Past and future mental and emotional anguish;

7) Past and future loss of enjoyment of life;

8) Lost of found;

9) Permanent disability;

10) Loss of fringe benefits; and

11) Any and all other damages, which may proven at the trial of this matter.

XXII.

Complainant, BRAXTON HARRINGTON, asserts his right to a bench trial pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, as his claims are in admiralty and under the general maritime law.

WHEREFORE, complainant, BRAXTON HARRINGTON, prays for judgment in his favor over and against defendants, MIKE HOOKS, LLC, and QUALITY TUG SERVICES, LLC, for monetary damages, both general and special, in a full and true sum in amounts that are reasonable under the premises to be proven at the trial of this matter, plus costs of these proceedings, together with legal interest from the date of judicial demand, and for any and all other just or equitable relief as the law or equity of the case may allow.

Respectfully submitted:

WELBORN & HARGETT, LLC

BY: */s/ Jason M. Welborn*
JASON M. WELBORN (#26548)
JACOB H. HARGETT (#32490)
1540 W. Pinhook Road
Lafayette, LA 70503
Telephone: (337) 234-5533
Facsimile: (337) 769-3173
Attorneys for Complainant,
BRAXTON HARRINGTON

**PLEASE SERVE:**

MIKE HOOKS, LLC
Through its Registered Agent for Service of Process,
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

QUALITY TUG SERVICES, LLC
Through its Registered Agent for Service of Process,
Marcus A. LeBlanc
108 Countryside Drive
Youngsville, LA 70592